SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CASBN 195046)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7144
    Fax: (415) 436-7234
    Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07-0556 MMC |
|     Plaintiff, | ) | |
| v. | ) | UNITED STATES' SENTENCING MEMORANDUM |
| NICANDRO LOPEZ ARRELLANO, | ) | Date: November 28, 2007 |
|     Defendant. | ) | Time: 2:30 p.m. |

On September 5, 2007, defendant Nicandro Lopez Arrellano pleaded guilty to the sole count of the Indictment, which charges a violation of 8 U.S.C. § 1326. Lopez Arrellano is scheduled to be sentenced by this Court on November 28, 2007. The United States respectfully recommends that this Court sentence defendant to sixty months imprisonment, three years of supervised release, no fine, and a $100 special assessment.

BACKGROUND

Defendant was born in Mexico and is a citizen of Mexico. (PSR ¶ 3.) He entered the United States without permission in 1989. (PSR ¶ 5.) On September 28, 1998, defendant was

1    convicted of robbery and carjacking in Sonoma County and sentenced to nine years

2    imprisonment.  (PRS ¶ 26.)  An immigration judge ordered Lopez Arrellano removed from the

3    United States, and defendant was deported to Mexico on February 9, 2006.  (PSR ¶ 4.)

4          On January 17, 2007, Louisiana Border Patrol encountered defendant during

5    transportation checks at the Greyhound Bus Station in Port Charles, Louisiana and discovered

6    that defendant was wanted on an outstanding warrant in California.  (PSR ¶ 4.)  Defendant was

7    then transferred to California and incarcerated in San Quentin for having violated his parole.

8    (PSR ¶ 4.)  On August 23, 2007, a grand jury in the Northern District of California returned an

9    indictment charging defendant with one count of violating 8 U.S.C. § 1326, illegal reentry by an

10   alien after deportation.

11                             ARGUMENT

12         There is no plea agreement in this case.  The Presentence Report (PSR) submitted by the

13   Probation Office recommends a sentence of fifty-seven months, the lowest sentence available

14   under the applicable guidelines range.  The United States believes that a sentence within the

15   guidelines range is appropriate in this case.  In light of the violence underlying defendant's prior

16   convictions, however, a sentence at the lowest end of the guidelines range is not warranted.  The

17   United States respectfully recommends that this Court sentence defendant to sixty months

18   imprisonment, three years of supervised release, no fine, and a $100 special assessment.

19   A.     The Applicable Sentencing Range Under the Guidelines is 57-71 Months.

20         Under the Sentencing Guidelines, defendant's base offense level for the instant offense is

21   8.  U.S.S.G. § 2L1.2(a).  Defendant's prior conviction for robbery, a felony that is a crime of

22   violence, results in an increase of 16 levels.  U.S.S.G. § 2L1.2(b)(1)(A) and application

23   n.1(B)(iii) (defining a "crime of violence" to include, *inter alia,* robbery).  Defendant receives a

24   three-point adjustment for acceptance of responsibility.  U.S.S.G. § 3E1.1.  These figures result

25   in an adjusted offense level of 21.  As calculated by the Probation Office, defendant's prior

26   convictions result in five criminal history points.  He receives two extra points for having

27   committed the instant offense while under a criminal justice sentence.  U.S.S.G. § 4A1.1(d).  In

28   addition, defendant incurs an additional point for having committed the instant offense less than

UNITED STATES' SENTENCING MEMORANDUM

1    two years following his release from imprisonment.  U.S.S.G. § 4A1.1(e).  Defendant, therefore,

2    receives 8 criminal history points, which places him in criminal history category IV.

3    U.S. Sentencing Guidelines Manual ch. 5, pt. A.  Combining these figures yields a sentencing

4    range of 57-71 months under the guidelines.  *Id.*

5    B.    A 60-Month Sentence is Reasonable in this Case.

6            The United States agrees with the recommendation of the Probation Office that there

7    exist no factors in this case that would warrant a departure from the applicable advisory

8    guidelines range.  (PSR ¶ 57.)  Assuming the Court agrees with this conclusion, the principal task

9    for this Court lies in determining a reasonable sentence in light of the sentencing factors

10   articulated in 18 U.S.C. § 3553(a)*; United States v. Reina-Rodriguez,* 468 F.3d 1147, 1158 (9th

11   Cir. 2006).

12           As the PSR notes, defendant has "led a troubled life." (PSR at Sentencing

13   Recommendation.)  Indeed, defendant's prior convictions demonstrate that defendant has a

14   persistent history of violent behavior toward others.  In defendant's first conviction for battery,

15   which he incurred at the age of 17, the minor female victim reported that defendant struck her in

16   the face with a closed fist.  (PSR ¶ 24.)  Just one year later, defendant was again convicted of

17   battery of a female victim.  In that case, the victim reported that the defendant struck her in the

18   face with his fist and that she lost consciousness.  (PSR ¶ 25.)  Less than one year after this

19   second battery conviction, defendant was convicted of carjacking and of robbery.  In that case,

20   the victim reported that the defendant hit him on the head–possibly with a rock–until the victim

21   lost consciousness.  (PSR ¶ 26.)  The victim sustained a depressed skull fracture to the right side

22   of his head.  The victim's injuries were so severe that he had to have a metal plate implanted in

23   the back of his skull and surgical pins inserted into his fingers.  In addition, defendant stole the

24   victim's car.  After the crime, the victim continued to suffer from headaches and persistent

25   nightmares. *Id.*

26           Having incurred two battery convictions, a carjacking conviction, and a robbery

27   conviction in less than two years, defendant was sentenced to nine years imprisonment for the

28   carjacking offense.  He served approximately five and a half years of this sentence and was then

1   deported to Mexico on February 9, 2006.  Within the following year, defendant had already

2   returned to the United States and been found by U.S. officials.

3       That defendant committed the instant offense so quickly after his deportation and while

4   he was still on parole is reflected in defendant's criminal history category and, therefore, his

5   guidelines range.  Nevertheless, the violence of defendant's past conduct–and the rapidity with

6   which he attacked his victims–is not.  Because one of the purposes of sentencing is to reflect the

7   specifics of defendant's individual case and to avoid disparities in sentencing, 18 U.S.C. §

8   3553(a)(6), the United States believes that a sentence at the lowest end of the applicable

9   guidelines range is not warranted in this case.

10      On the other hand, defendant does not have a long record of immigration violations.  The

11  instant offense is his first conviction for illegal reentry.  In light of this fact, the United States

12  believes that a sentence for sixty months is not unreasonable.  This sentence serves the twin

13  purposes of punishing defendant for his past conduct and of deterring potential future violators of

14  the immigration laws.  It is reasonable under 18 U.S.C. § 3553(a).

15      For these reasons, the United States respectfully asks this Court to sentence defendant to

16  sixty months imprisonment, three years of supervised release, and a $100 special assessment

17

18  DATED: November 20, 2007              Respectfully submitted,

19                                        SCOTT N. SCHOOLS
                                          United States Attorney
20

21                                        _____/s/_____

22                                        ALLISON MARSTON DANNER
                                          Assistant United States Attorney
23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0556 MMC                           -4-